**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**HUNTINGTON**

**UNITED STATES OF AMERICA**

**v.** **CRIMINAL NO. 3:25-cr-00106**

**DARREL LEE WELLS**

**MOTION TO PRECLUDE INTRODUCTION OF**
**PORTIONS OF VICTIM'S DEPOSITION TESTIMONY**

Now comes the United States of America, by Jennifer Rada Herrald, Assistant United States Attorney for the Southern District of West Virginia, and files this motion to exclude portions of the victim's deposition testimony related to two topics: the victim's mental health conditions and the victim having allegedly taken "inappropriate" pictures of herself.

## I. Background

This Court previously granted the motion of the United States to introduce portions of the victim's civil video deposition because the victim is currently living in Brazil and is therefore an unavailable witness. As directed by the Court, the parties have conferred and reached an agreement regarding much of the testimony that will be introduced from the deposition. A copy of the deposition transcript with the agreed upon portions highlighted in yellow and the disputed portions highlighted in orange will be filed as sealed Exhibit 1 to this motion.

## II. Objections to Testimony

The United States objects to testimony that falls into one of two categories, each of which is addressed separately below.

*A. Mental Health Testimony*

The United States objects to the introduction of any and all testimony related to the victim's mental health under Federal Rules of Evidence 401, 402, and 403. The following excerpts from the victim's deposition transcript (highlighted in orange in sealed Exhibit 1) fall under this category and have been requested by defendant to be presented to the jury during trial: transcript pages 22:9-23:11; 24:6-15; 24:23-25:8; 26:5-13; 27:16-24; 30:17-31:21; 210:3-9; and 261:2-10 (Exhibit 1 at 7-9, 54, 67).

This testimony relates to three aspects of the victim's of mental health – 1) the victim's anxiety and depression while she was an exchange student in the United States in 2021-2022; 2) the victim's treatment for anxiety beginning at the beginning of 2024; and 3) the victim's treatment related to a different mental health condition (potentially schizophrenia[1]) that began in July 2024, more than two years after the offense conduct in this case. Per the testimony that defendant seeks to introduce, the victim began speaking to a therapist regarding anxiety and depression approximately two months after she arrived as an exchange student in the United States, and she began seeing a therapist in early 2024 for anxiety. Additionally, in July 2024, the victim had what she believed was a schizophrenic episode, and her father (who is a psychiatrist) began giving her monthly schizophrenia-related injections.

Fourth Circuit case law has been clear for decades — a witness's "psychiatric history is an area of great personal privacy which can only be invaded in cross-examination when required in the interests of justice" because "cross-examination of an adverse witness on matters of such personal privacy, if of minimal probative value, is manifestly unfair and unnecessarily demeaning

[1] When first discussing schizophrenia, the victim stated "I don't know the name in English," but thereafter referred to the condition as schizophrenia. For the sake of this motion, the United States assumes that the diagnosis is, in fact, schizophrenia.

of the witness." *United States v. Lopez*, 611 F.2d 44, 45 (4th Cir. 1979). As noted in *Lopez*, "many psychiatric problems or fixations which a witness may have had are without any relevancy to the witness' credibility, concerned as it is with whether the witness' mental impairment is related to 'his capacity to observe the event at the time of its occurrence, to communicate his observations accurately and truthfully at trial, or to maintain a clear recollection in the meantime." *Id.* Accordingly, in order for a witness's mental health to be an appropriate subject for cross-examination, the psychiatric issue must 1) "have been 'at a time probatively related to the time period about which he was attempting to testify;'" 2) relate to the witness's ability to testify and recall; and 3) not be a collateral issue that would confuse the jury. *Id.* at 46. Courts, when deciding whether to allow such cross-examination, are to balance "the potential unfairness of a free wheeling inquiry intended to stigmatize the witness against whatever materiality the evidence might have." *Id.*

The victim's mental health treatment in 2024, two years after the events about which she testified, clearly are not "probatively related to the time period" for the offense conduct. And the victim's depression and anxiety, including while she was an exchange student, provide no basis to question her ability to perceive and recall the events of the case accurately. Instead, any such testimony would be introduced solely to stigmatize and demean the victim. Without a particularized basis to demonstrate that the victim's depression or anxiety materially affected her ability to accurately observe and recount the relevant facts of the case, her mental health conditions and treatment have no probative value and are significantly outweighed by unfairness and a risk of confusing the jury.

Schizophrenia, due to the risk it carries of hallucinations, can sometimes meet the requirements to be admissible. However, even for schizophrenia, "some indication is needed that

a particular witness's medical history throws some doubt on the witness's competence or credibility." *United States v. George*, 532 F.3d 933, 937 (D.C. Cir. 2008). The victim's testimony is that she did not suffer any form of schizophrenic behavior until July 2024, more than two years after the discovery of the hidden cameras. As such, there is no reason to believe that her ability to accurately observe and recount events in 2022 was impacted, and any testimony regarding schizophrenia has no probative value. Nor did schizophrenia impact her ability to accurately testify at the time of the deposition: the victim's testimony during the deposition was entirely consistent with her disclosures in 2022, and per her testimony she was actively being treated to control her symptoms. Moreover, her discovery of the hidden bathroom camera was fully documented on video, and she certainly did not hallucinate the recording device into existence. So even if a diagnosis of schizophrenia can *sometimes* have sufficient probative value to justify allowing cross-examination on the issue, this is not such a case. Instead, the sole purpose would be to discredit the victim and make her appear unreliable due to the stigma surrounding schizophrenia, and that is unquestionably disallowed by Rule 403.

Any testimony regarding the victim's mental health should accordingly be excluded from trial.

*B. Testimony Prohibited by Rule 412*

The remaining testimony to which the United States objects relates to the victim's use of a personal cell phone to take pictures in the Wells' home. Specifically, the United States objects to the inclusion of the following testimony, which is highlighted in orange in sealed Exhibit 1: transcript pages 234:16-21; 236: 9-13; 285:16-23 (Exhibit 1 at 60, 73).

Based upon conversations with defense counsel, it is the understanding of the United States that the defense's purpose of including these passages from the transcript is to argue to the jury

that the victim took "inappropriate" pictures of herself while she was an exchange student and that she may have therefore been the one who took the hidden camera pictures. For the same reasons raised in the previous motion of the United States to exclude such evidence under Federal Rule of Evidence 412 (ECF No. 40), such evidence and argument is inadmissible. Whether or not the victim took "inappropriate" pictures of herself on her own cell phone is entirely irrelevant to whether the defendant secretly recorded her in the bathroom and her bedroom. Such testimony should be excluded.

**III. Conclusion**

For the foregoing reasons, the disputed portions of the transcript should be excluded during trial.

MOORE CAPITO
United States Attorney

By:
/s/ Jennifer Rada Herrald____
Jennifer Rada Herrald
Assistant United States Attorney
WV Bar No. 12181
300 Virginia Street, East
Room 4000
Charleston, WV 25301
Telephone: 304-345-2200
Fax: 304-347-5104
Email: Jennifer.herrald@usdoj.gov

CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "MOTION TO PRECLUDE INTRODUCTION OF PORTIONS OF VICTIM'S DEPOSITION TESTIMONY" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this 15th day of July, 2026, to:

Abraham J. Saad, Esq.
Glazer Saad Anderson L.C.
320 9th Street, Suite B
Huntington, WV 25717
abe@gsalaw-wv.com

/s/ Jennifer Rada Herrald
Jennifer Rada Herrald
Assistant United States Attorney
WV Bar No. 12181
300 Virginia Street, East
Room 4000
Charleston, WV 25301
Telephone: 304-345-2200
Fax: 304-347-5104
Email: Jennifer.herrald@usdoj.gov